IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TIFFIN EPS, LLC** and **TIFFIN MOUNT AIRY, LLC**, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>**GRUBHUB INC.**,<br><br>Defendant. | No. 2:18-cv-05630-PD |

## DEFENDANT GRUBHUB INC.'S SUPPLEMENTAL BRIEF SUPPORTING ITS ARBITRATION MOTION

As contemplated by the Court's standing order, Defendant Grubhub Inc. submits this supplemental brief supporting its arbitration motion (ECF 15) for the limited purpose of opposing Plaintiffs' request in their surreply that the Court "strike" proper rebuttal arguments and materials in Grubhub's reply. ECF 20 ("Surreply") at 9–10; *see* ECF 3 ¶ VI(B) ("Unless otherwise ordered, [the Court] will accept . . . supplemental briefs"). Contrary to Plaintiffs' surreply arguments, Grubhub's reply does not make "new" legal or factual assertions beyond the scope of Plaintiffs' opposition. Surreply 9. Rather, the reply properly rebuts the legal and factual assertions made for the first time in Plaintiffs' opposition—arguments that Grubhub could not and did not anticipate—the very purpose of a reply brief. Any request to strike should be denied, as it would materially limit Grubhub's ability to respond to

Plaintiffs' opposition, prejudicing Grubhub and leaving the record incomplete on the important question of arbitration.[1]

First, contrary to Plaintiffs' assertions, Grubhub's reply makes no new "legal assertions" beyond the scope of the arguments made in Plaintiffs' opposition. That is clear when comparing the opposition and reply side by side:

- The opposition argued, *first*, that the written contracts "do not contain nor incorporate an arbitration clause" (Opp. 7 (capitalization omitted)), so Grubhub replied that the written contracts indeed "incorporate terms of use mandating arbitration" by expressly referencing the URL grubhub.com/legal, which has always included a link to the relevant Terms of Use and which has prominently referenced the URL grubhub.com/legal/terms-of-use since June 2018 (Reply 1–3); *see also* ECF 15-1 ("Opening Br.") at 9–12.

- Plaintiffs argued, *second*, that Grubhub "provided no notice of the arbitration clause posted on its website" (Opp. 9 (capitalization omitted)), so Grubhub replied that it indeed gave "adequate notice of changes to its Terms of Use" to Plaintiffs (sophisticated commercial entities that enforce their own website terms of use) through the contracts and Terms themselves and notifications on

---

[1] Despite the limited scope of this supplemental brief, Grubhub continues to dispute all of Plaintiffs' surreply arguments, for the reasons already explained in detail in Grubhub's opening brief (ECF 15) and reply (ECF 19).

Grubhub's website, which Plaintiffs admitted visiting (Reply 3–6); *see also* Opening Br. 13–15.

- Plaintiffs argued, *third*, that Grubhub "provided no notice of the arbitration clause on the GFR [sic]" (Opp. 15 (capitalization omitted)), so Grubhub replied that Plaintiffs indeed "had *actual* notice of the GFR Terms" by clicking the link to the GFR Terms nine times in the last nine months (Reply 7–8 (emphasis added)), *and* that Plaintiffs "also had *constructive* notice of the GFR Terms" through their constant use of the GFR platform, which conspicuously displays the GFR Terms on webpages that Mr. Narula and Ms. Kelly admitted (for the first time in Plaintiffs' opposition) that they visit regularly (Reply 8–11); *see also* Opening Br. 16–23.

- *Finally*, Plaintiffs argued that "this dispute is outside the scope" of the arbitration clauses (Opp. 23 (capitalization omitted)), so Grubhub replied that the arbitration provisions indeed "cover this dispute" given their broad scope (Reply 11); *see also* Opening Br. 23–25.

The reply thus does not have "new" legal assertions—only proper rebuttal arguments.

Nor does Grubhub's reply contain "new factual assertions" outside the scope of Plaintiffs' opposition, as Plaintiffs contend. Surreply 8–9. Rather, the reply cites to and attaches materials that directly and properly rebut key factual assertions, made for the very first time and which Grubhub could not and did not anticipate, in

Plaintiffs' opposition and the accompanying Narula and Kelly declarations. *See* ECF 19-1 ("Reply Declaration"). These rebuttal materials are therefore appropriate and should be considered. *See Smith v. Johnson*, 862 F. Supp. 1287, 1289 (M.D. Pa. 1994) (a movant should not "be expected to anticipate" in its opening brief "(and therefore provide a reply and documentation for) every argument or factual assertion made by . . . the respondent's brief in opposition"); *Defillipis v. Dell Fin. Servs.*, 2016 WL 394003, at *7 (M.D. Pa. Jan. 29, 2016) (permitting a reply declaration that was within the scope of and "responsive" to opposition materials).

Again, a comparison of the opposition and reply makes this clear.

- Plaintiffs asserted, for example, that the written contracts only "reference terms at URL www.Grubhub.com/legal" (Opp. 7), so the Reply Declaration made clear that the Terms of Use "have been posted and available to all visitors or users on or through the URL, www.Grubhub.com/legal," since 2011; that an arbitration provision was added to the Terms of Use in 2016; and that, "as of June 4, 2018," the Privacy Policy located at grubhub.com/legal has expressly and prominently referenced, at the outset, the URL grubhub.com/legal/terms-of-use.[2] ECF 19-1 ¶¶ 1–5; *see also* Opening Br. 9–16.

---

[2] Plaintiffs are therefore incorrect when they claim that, "*until 2019*, there was no reference to grubhub.com/legal/terms-of-use" at the URL listed in the written contracts (grubhub.com/legal), and that the reply "*does not disclose* when its Privacy Policy began to cross-reference to URL grubhub.com/legal/terms-of-use." Surreply

- Plaintiffs asserted, next, that the 2018 popup giving Plaintiffs notice of grubhub.com/legal's 2018 Terms of Use "appeared only when accessing www.Grubhub/com/legal/terms-of-use, rather than the homepage" of grubhub.com (Opp. 15), so the Reply Declaration made clear that the "2016 banner notifications *and* the 2018 timed pop-ups providing notice of updates to the Terms of Use were visible on *both* the Grubhub.com homepage and the Terms of Use page for at least 30 days." ECF 19-1 ¶ 6 (emphasis added); *see* Opening Br. 13–14.
- Plaintiffs then asserted that Grubhub "never provided Plaintiffs with actual or constructive notice" of the GFR Terms of Use and arbitration provision (Opp. 15), but Plaintiffs' opposition brief and declarations also admitted (for the first time) that Mr. Narula and Ms. Kelly accessed and used particular portions of the GFR platform (*see* ECF 18-1 ¶ 19; ECF 18-3 ¶ 21). Thus, directly responding to these first-time admissions of access to GFR, the Reply Declaration made the following clear:
    - For *actual* notice, "Tiffin GFR users' accounts," including administrative accounts assigned to Mr. Narula, "have clicked on, linked through

---

2 & n.2 (emphasis added). The reply makes clear that grubhub.com/legal has "conspicuously" referenced the URL grubhub.com/legal/terms-of-use "*since June 2018* (well before this suit)." Reply 2–3 (emphasis added); *see* ECF 19-1 ¶ 5 (same, screenshotting Plaintiffs' own exhibit).

to, and accessed the GFR 'Terms of use' *nine (9) times* since June 8, 2018," including "*five (5) times* before this lawsuit was filed" (ECF 19-1 ¶¶ 11–13 (emphasis added)), and Plaintiffs have continued to use Grubhub and GFR to this very day, even after the motion to compel arbitration was filed, putting them on *further* actual notice of the arbitration provisions.[3] *Id.* ¶¶ 12–18, 20–21.

- o For *constructive* notice, a plainly visible link to the GFR Terms is "present on nearly every [web]page" of GFR, including webpages that Mr. Narula and Ms. Kelly admitted (for the first time in their declarations) to visiting regularly. *Id.* ¶¶ 7–10, 14–22; Opening Br. 16–23.

The Reply Declaration is, therefore, proper rebuttal evidence. Filing the reply without it would have materially limited Grubhub's ability to respond to Plaintiffs' opposition, prejudicing Grubhub and wasting both the parties' and this Court's time

---

[3] As Grubhub explained in the reply, Plaintiffs' continued use of Grubhub and GFR after undisputed actual notice binds them under Illinois law, as Plaintiffs have terminable-at-will contracts with Grubhub that they have not canceled, choosing instead to continue the parties' relationship to benefit from ongoing access to diners and orders through Grubhub and GFR. *See* Reply 6 (citing cases like *Bass* and *Garber*). Plaintiffs' cited cases are inapposite (*see* Surreply 12 n.15 (citing *Jiminez*, *Balasanyan*, *Williams*, and *In re Currency Conversion*)), as they all involved attempts to add arbitration provisions across an entire class for the very first time *after* the lawsuit was filed—unlike here, where the arbitration provisions have been in effect since 2016, long before Plaintiffs filed suit, and the individual named Plaintiffs have chosen to continue their terminable-at-will relationships with Grubhub and GFR *even after* learning of the arbitration provisions in the relevant Terms of Use.

and resources. Plaintiffs, on the other hand, point to no prejudice—nor could they—as they responded to the reply materials in their surreply, argue about and seek to submit "rebuttal evidence" of their own, and do not argue for arbitration-related discovery or a hearing—giving the Court no reason not to consider the Reply Declaration. Surreply 9–12.

Grubhub acknowledges the standing order's statement that "[r]eply and surreply briefs shall not include exhibits or declarations" (ECF 3 ¶ VI(B)), but Grubhub respectfully submits that the standing order was entered "in an effort to comply with Federal Rule of Civil Procedure 1's mandate 'to secure the just, speedy, and inexpensive determination of every action.'" *Id.* at 1. For the reasons above, "striking" the materials accompanying the reply, as Plaintiffs request, would not serve Rule 1's purposes in these circumstances and would go against the principle that disputes should be decided based on the merits and the evidence, not on procedural grounds. Wright & Miller, 4 Fed. Prac. & Proc. § 1029 (4th ed. 2018) ("The primary purpose of procedural rules is to promote the ends of justice."). This principle is particularly important here, because courts must "rigorously enforce agreements to arbitrate" under the Federal Arbitration Act, *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985), a statute that "leaves no place for the exercise of discretion" and "mandates that district courts shall direct the parties to proceed to arbitration" when a valid arbitration agreement exists. *Id.* at 218.

For these reasons, the Court should reject Plaintiffs' request to "strike" rebuttal materials attached to Grubhub's reply that are within the scope of, and directly responsive to, Plaintiffs' opposition.

Dated: April 15, 2019		*/s/ Rebekah B. Kcehowski*
Rebekah B. Kcehowski
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219
T:  (412) 391-3939
F:  (412) 394-7959
rbkcehowski@jonesday.com

*Attorney for Defendant
Grubhub Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                  */s/ Rebekah B. Kcehowski*
                                                  Rebekah B. Kcehowski