IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TIFFIN EPS, LLC, et al.,** : | |
| Plaintiffs, : | |
| : | |
| v. : | Civ. No. 18-5630 |
| : | |
| **GRUBHUB, INC.,** : | |
| Defendant. : | |
| : | |

## ORDER

In this putative class action, Plaintiffs Tiffin EPS, LLC and Tiffin Mount Airy, LLC bring breach of contract and related claims against Defendant GrubHub, Inc. (Compl., Doc. No. 1.) After I allowed limited discovery on the issue of arbitration, Defendant renewed its Motion to Compel Arbitration, and the matter has been fully briefed. (Doc. Nos. 28, 32, 36, 38, 40, 41, 42.) I have resolved all factual disputes and construed all facts regarding arbitrability in Plaintiffs' favor. Guidotti v. Legal Helpers Debt Resolution, LLC, 716 F.3d 764, 775–76 (3d Cir. 2013) (applying Rule 56 standard in deciding post-discovery motion to compel arbitration). I must grant Defendant's Motion if it "has established that there is no genuine dispute of material fact" as to arbitrability and it is "'entitled to judgment as a matter of law.'" Hugh v. Butler Cty. Family YMCA, 418 F.3d 265, 266 (3d Cir. 2005) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); Fed. R. Civ. P. 56(c).

I must determine: (1) if a valid arbitration agreement exists between the Parties, and (2) whether the instant dispute falls within the scope of that agreement. See Lloyd v. Hovensa, 369 F.3d 263, 269 (3d. Cir. 2004); H2O Res., LLC v. Oilfield Tracking Servs., LLC, 2018 WL 3092365, at *9 (E.D. Pa. June 22, 2018). In resolving the second issue, "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Medtronic AVE Inc. v. Cordis Corp., 100 F. App'x 865, 867 (3d Cir. 2004) (quoting Suter v. Munich Reinsurance Co.,

223 F.3d 150, 155 (3d Cir. 2000)).  The Federal Arbitration Act "requires rigorous enforcement of arbitration agreements."  In re Mintze, 434 F.3d 222, 229 (3d Cir. 2006).

Applying these standards here, I am compelled to grant Defendant's Motion.  The contracts Plaintiffs signed in 2011 incorporate the current terms of all GrubHub.com's contracts.  In June, 2018, Defendant amended its restaurant-users' contract to include the following: "You agree that all claims, disputes, or disagreements that may arise out of the interpretation or performance of this Agreement, or that in any way relate to your use of the Sites, the Materials, and/or other content on the Sites, shall be submitted exclusively to binding arbitration."  GRUBHUB'S TERMS OF USE, https://www.grubhub.com/legal/terms-of-use (last visited December 9, 2019).  That provision binds Plaintiffs and plainly governs the instant dispute.  Accordingly, I will grant Defendant's Motion to Compel.

**AND NOW**, this 9th day of December, 2019, upon consideration of Plaintiff's Complaint (Doc. No. 1), Defendant's renewed Motion to Compel Arbitration (Doc. No. 28), Plaintiff's Response (Doc. No. 32), and all additional responsive submissions (Doc. Nos. 36, 38, 40, 41, 42), it is hereby **ORDERED** that:

1. Defendant's Motion to Compel Arbitration (Doc. No. 28) is **GRANTED**;
2. Plaintiffs are directed to arbitrate their dispute with Defendant in accordance with GrubHub's current Terms of Use; and
3. This civil action is **STAYED** and the **CLERK OF COURT** shall place it in **SUSPENSE** pending determination of the arbitration proceedings.  9 U.S.C. § 3.

                                       **AND IT IS SO ORDERED.**

                                       */s/ Paul S. Diamond*

                                       _____
                                       Paul S. Diamond, J.